## UNITED STATES of America, Plaintiff—Appellee,

v.

## Manuel IBANEZ–IBARRA, aka Jose Ybarra–Cuen, Defendant— Appellant.

No. 04–50569.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Esther O. Lemus, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Esq., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Manuel Ibanez–Ibarra appeals the sentence imposed following his guilty plea to

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Ibanez–Ibarra's Sixth Amendment challenge to his sentencing enhancement based on a prior felony conviction remains foreclosed after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir. 2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction does not raise any Sixth Amendment problems).

Because Ibanez–Ibarra was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez,* 419 F.3d at 916 (extending *Ameline'*s limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.